## LINDSEY v. GAMBLE et al.

No. 22874. March 27, 1934.

Swan C. Burnette, for plaintiff in error.

Tom H. Fancher, R. O. Howell, Jr., and R. L. Busey, Co. Atty., for defendants in error.

BAYLESS, J. The petition in error complains of a certain action pending in the district court of Hughes county and the rendition of a judgment in an action wherein Ray Lindsey was plaintiff and V. A. Gamble, C. E. Garrett, and J. W. Key were county commissioners, and which judgment was rendered for the defendants as ex officio drainage commissioners of Hughes county, Okla., and of Wewoka Creek drainage district No. 1.

On the 15th day of May, 1930, the petition was filed in the district court alleging, in substance, the official capacity of the defendants; the establishment of drainage districts and particularly drainage district No. 1; the entering on the 4th day of June, 1928, after proper legal proceedings, of an order establishing said district; the process of assessment and the final order of assessment, and then in paragraph 4 it is alleged that plaintiff was selected as engineer and surveyor in the location and construction of said drainage ditch in said county. That he performed labor as such surveyor and filed a verified statement thereof with the board of commissioners, and alleges and claims the sum of $1,581.60 due, for which he prays judgment, and for a further order of the court directing the county commissioners of Hughes county, Okla., to assess and levy against the property of said Wewoka Creek drainage district No. 1, in said Hughes county, Okla., and in an amount sufficient to pay said judgment with interest and costs, and further prays for a certification of the sum to the county treasurer of Hughes county to be by him collected as provided by law.

There is attached to this petition the disapproved claim in the sum of $1,581.61 filed April 22, 1929, with the county clerk.

There was a demurrer filed to this petition, and the court clerk's minutes in record 13, at page 389, as shown by page 15 of the case-made, show that the demurrer was overruled on the 16th day of February, 1931, a proceeding resulting in certain conclusions and findings of the court as follows:

"The petition here reflects that after certain preliminary proceedings looking to the creation of a drainage district, the project failed for the reason that the owners of more than 50 per cent. of the total acreage embraced in the proposed district protested in writing against the improvement and the petition therefor was accordingly dismissed.

"Sections 6043 and 6047 of the Compiled Statutes of 1921, provide for the giving of bonds to protect costs and expenses incurred in the proposed creation of a drainage district in the event that the project shall for any reason fail.

"Following these sections it is provided by section 6048, C. O. S. 1921, that

" 'Such compensation of the * * * engineers * * * in making such survey shall be itemized and filed with the commissioners and shall by them be taxed as costs and shall be recovered in the bond of the petitioners by proper action if said petition shall be denied or dismissed.'

"This section (6048) does provide when the compensation of the engineers shall be taxed against the district and that is when the petition is sustained. such compensation * * * shall be assessed and levied as costs, and included in the assessment as

·a part of the construction against the bene-fited district.'

"This statute needs no construction—it is clear on its face—when the engineer per-formed the services for which he asks judg-ment he did so with knowledge of the stat-ute and where he was required to look for his money. If he performed this work with-out sufficient bond having been made for his fees and compensation under sections 6043 and 6047, C. O. S. 1921, then he did so at his peril. At any rate no liability exists on the part of the proposed drainage dis-trict.

"The demurrer of the defendants will therefore be sustained and the plaintiff's petition dismissed and plaintiff allowed an exception. Geo. C. Crump, District Judge."

Following this journal entry of judgment, on the 2nd day of April, 1931, the court entered its final order sustaining the de-murrer of the defendants, notice in open court of his intention to appeal was given by the plaintiff, and on the 26th day of Sep-tember, 1931, petition in error with case-made attached was filed in this court.

We have examined the authorities cited by the appellant herein in connection with the above-cited statutes set out in the order and finding of the district judge.

The above sections provide that when a preliminary proceeding is begun to establish a drainage district, bond shall be given as therein provided. In connection with the above sections, we hold that said bond gives the only relief to a party who performs services thereunder, and in the event of fail-ure of the project, in the absence of such bond, the party is without relief and cannot obtain a general judgment against the coun-ty. Fry v. Swift, 164 Okla. 4, 22 P. (2d) 94. The findings and conclusions of law of the trial court are therefore sustained, and the judgment affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OS-BORN, and BUSBY, JJ., concur.